**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4231**

─────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

EDWARD HALL,

　　　　　Defendant – Appellant.

─────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.　Alexander Williams, Jr., District
Judge.　(8:08-cr-00406-AW-1)

─────────

Submitted: August 12, 2009　　　Decided: September 18, 2009

─────────

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Hughie D. Hunt, II, KEMET & HUNT, PLLC, College Park, Maryland,
for Appellant.　Rod J. Rosenstein, United States Attorney,
Hollis Raphael Weisman, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his arrest by Metro Transit police on a warrant issued by the United States Park Police, Edward Hall was transferred into Park Police custody. Park Police Officer Gary Hatch was charged with verifying Hall's identity, and to that end, Hatch asked Hall various questions regarding his identity, which Hall refused to answer. Ultimately, Hall was charged with violating 36 C.F.R. § 2.32(a)(1) (2008) for intentionally interfering with Hatch's duties. Hall proceeded to trial before a magistrate judge and was found guilty and sentenced to two months' imprisonment. The district court affirmed the conviction and sentence, and Hall timely noted an appeal.

On appeal, Hall argues that his actions did not rise to the level of "intentionally interfering" with Hatch's duties. "In reviewing the sufficiency of the evidence following a conviction, this court views the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (quoting United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (internal quotations omitted)). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (internal quotations omitted). Rather, a verdict will be sustained if "any rational trier of

2

fact could have found the essential elements of the crime beyond a reasonable doubt." Lomax, 293 F.3d at 705 (quoting United States v. Meyers, 280 F.3d 407, 415 (4th Cir. 2002) (internal quotations omitted)). "Thus, the appellate function is not to determine whether the reviewing court is convinced of guilt beyond a reasonable doubt, but, viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government, whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." Burgos, 94 F.3d at 863 (quoting United States v. Powell, 469 U.S. 57, 67 (1984) (internal quotations omitted)).

According to 36 C.F.R. § 2.32(a)(1), it is unlawful to "threaten[], resist[], intimidat[e], or intentionally interfer[e] with a government employee or agent engaged in an official duty." 36 C.F.R. § 2.32(a)(1). A defendant interferes with a government agent if the defendant opposes, intervenes, hinders or prevents the agent from carrying out his or her official duties. United States v. Bucher, 375 F.3d 929, 932 (9th Cir. 2004).

Here, the evidence established that Hall interfered with Hatch in the performance of his duties. Hatch testified that it was his responsibility to take routine booking information from arrested persons so as to confirm their

3

identity. That responsibility was particularly important because Hall insisted that there were no open warrants for his arrest. Additionally, Hall had no Fifth Amendment right to refuse to answer Hatch's questions as they were asked for the purpose of obtaining or verifying routine booking information. See United States v. D'Anjou, 16 F.3d 604, 608 (4th Cir. 1994) (internal quotation marks and citation omitted). Finally, Hall argues that his use of profanity in response to Hatch's questions was protected by the First Amendment, and therefore, the district court erred in basing his conviction on his profane responses. The district court did not convict Hall based on his use of profanity but merely determined that the profanity confirmed Hall's intent to interfere.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED